# In the United States Court of Federal Claims

No. 20-490C
(Filed: May 27, 2019)

```
*************************************
JOSHUA ANTHONY FEIST,              *
                                   *
            Plaintiff,             *
                                   *    Pro Se Plaintiff; Sua Sponte Dismissal;
v.                                 *    Subject Matter Jurisdiction; RCFC
                                   *    12(h)(3); In Forma Pauperis
THE UNITED STATES,                 *
                                   *
            Defendant.             *
*************************************
```

Joshua A. Feist, Minot, ND, pro se.

Alison S. Vicks, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Chief Judge

      Plaintiff Joshua A. Feist, proceeding pro se in this matter, alleges that the Federal Bureau of Investigation ("FBI") has been harassing him through transmitters implanted in his head. Mr. Feist seeks monetary and injunctive relief, and he has also filed an application to proceed in forma pauperis. As explained below, the court lacks jurisdiction to consider Mr. Feist's claims. Moreover, the court finds those claims frivolous. Thus, without awaiting a response from defendant, the court denies Mr. Feist's application to proceed in forma pauperis and dismisses his complaint.

## I.  BACKGROUND

      Mr. Feist asserts that sometime around June 2016, the FBI implanted transmitters in his head, behind his ears. He alleges that this implantation was done "in a horrific way." Because of these transmitters, Mr. Feist states, he hears voices in his head. He claims that for several years, the voices have harassed him by attempting to "push [him] into suicide and . . . drive [him] crazy." The escalating harassment, he maintains, has also led to "death threats and murder attempts." Mr. Feist seeks two forms of relief:  (1) compensation for pain and suffering, and (2) an end to the alleged harassment.

## II.  LEGAL STANDARDS

### A.  Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B.  Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868).  Therefore, it is "an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case."  Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015).  Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

### C.  The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed."  United

States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (internal quotation marks omitted).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998).

### III. DISCUSSION

Mr. Feist's alleged injuries fall soundly outside the court's jurisdiction. First, Mr. Feist has failed to identify a "separate source of substantive law that creates a right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). He names no statute or similar legal dictate—and indeed, none exists—that would allow the Court of Federal Claims to award monetary damages for the specific grievances he alleges. Similarly, he points to no express or implied contract with the United States that might support the relief he claims.

Second, the Court of Federal Claims may not adjudicate claims sounding in tort. Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, jurisdiction over tort claims against the United States lies exclusively in federal district courts. U.S. Marine, Inc. v. United States, 722 F.3d 1360, 1365-66 (Fed. Cir. 2013). The Court of Federal Claims is not a federal district court. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 563 (2017) (distinguishing between the "Court of Federal Claims" and "federal district courts"). Therefore, "[w]here the adjudication of a type of claim has been granted to the district courts exclusively, [the Court of Federal Claims] has no jurisdiction to hear the case and must dismiss the matter." Ross v. United States, 122 Fed. Cl. 343, 348 (2015). To the extent that Mr. Feist alleges battery, harassment, or any other claim sounding in tort, his claim is beyond the reach of this court's Tucker Act jurisdiction. Accord Mendiola v. United States, 124 Fed. Cl. 684, 688 (2016) ("[W]ith respect to plaintiff's claims of assault and battery in the context of a civil suit, this court lacks jurisdiction."). Similarly, the court has no authority to grant the compensation for pain and suffering that Mr. Feist seeks. Accord Ullman v. United States, 64 Fed. Cl. 557, 566 (2005) ("Plaintiff's claim for 'pain and suffering' sounds in tort and is not within the jurisdiction of this court.").

Finally, because Mr. Feist's allegations could also be construed as violations of the criminal code, the court emphasizes that it has no jurisdiction over criminal matters. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Hufford v. United States, 85 Fed. Cl. 607, 608 (2009). Thus, whether the court interprets the complaint as asserting civil or criminal

misconduct, the court is powerless to adjudicate it.

### IV.  APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, Mr. Feist filed, concurrent with his complaint, an application to proceed in forma pauperis.  To proceed with a civil action in this court, a plaintiff must either pay $400 in fees—a $350 filing fee plus a $50 administrative fee—or, like Mr. Feist, request authorization to proceed without payment of fees by submitting a signed application to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1915, 1926; RCFC 77.1(c); see also Waltner v. United States, 93 Fed. Cl. 139, 141 n.2 (2010) (concluding that 28 U.S.C. § 1915(a)(l) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees, and (3) states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(l).  Evaluation of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff."  Alston-Bullock v. United States, 122 Fed. Cl. 38, 45 (2015).  Furthermore, the statute dictates that a "court shall dismiss the case at any time" if the action or appeal to be filed in forma pauperis "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  Unlike a motion to dismiss for failure to state a claim upon which relief can be granted, which requires the court to assume the truth of allegations in the complaint, § 1915(e)(2)(B)(i) gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Mr. Feist's affidavit generally complies with the documentation requirements of § 1915(a)(l).  The claim itself, however, is frivolous.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  The court is faced with just such a claim here.  Mr. Feist's vague, fantastical allegations of victimization by the FBI are textbook examples of the implausible and meritless claims that courts must deem to be frivolous.  See, e.g., Jackson v. United States, 612 F. App'x 997, 999 (Fed. Cir. 2015) (per curiam) (affirming trial court's dismissal of complaint as frivolous on res judicata grounds where the plaintiff alleged ownership of a device that prevents hurricanes); Manning v. United States, 123 Fed. Cl. 679, 684 (2015) (dismissing a complaint as frivolous where the plaintiff alleged that he invented an interstellar spaceship).

Because the court has determined that Mr. Feist's claims are frivolous, § 1915(e)(2)(B)(i) provides it with an additional, independent reason to dismiss the complaint.  Moreover, "[t]he text of the statute . . . requires that the court deny an in forma pauperis application if, in connection with or prior to ruling on the application, the court finds the case is frivolous."

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, 28 U.S.C. § 451, the court has jurisdiction to adjudicate applications to proceed in forma pauperis.  See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

Manning, 123 Fed. Cl. at 683; see also Floyd v. United States, 125 Fed. Cl. 183, 192 (2016) (finding the plaintiff's claims frivolous and, as a result, denying his application to proceed in forma pauperis).  The complaint's frivolousness thus leads the court to deny Mr. Feist's in forma pauperis application as well.

## V.  CONCLUSION

The Court of Federal Claims lacks jurisdiction over tort claims, criminal claims, and claims unsupported by a money-mandating source of law.  Therefore, the court has no jurisdiction to consider any aspect of Mr. Feist's complaint.

Accordingly, Mr. Feist's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  In addition, having found Mr. Feist's claims frivolous, the court **DENIES** his application to proceed in forma pauperis.  No costs.  The clerk is directed to enter judgment accordingly.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, Mr. Feist's claims are clearly beyond the subject matter jurisdiction of this court.

**IT IS SO ORDERED.**

*/s/ Margaret M. Sweeney*
MARGARET M. SWEENEY
Chief Judge